**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X   Case No. 17-cv-04448
ESSENCE SMITH, on behalf of herself
individually and all others similarly situated,

Plaintiff,

**CLASS ACTION**
-against-                                                                                  **COMPLAINT**

NATIONAL CREDIT SERVICES, INC.,

Defendant.
-------------------------------------------------------------------X

Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, PLLC,

upon knowledge as to herself and her own acts, and as to all other matters upon

information and belief, brings this complaint against above-named defendant and in

support thereof alleges the following:

INTRODUCTION

1.     This is an action for damages brought by an individual consumer and

on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in

abusive, deceptive and unfair acts and practices.

2.     Further, this is an action for damages and injunctive relief brought

by an individual consumer against defendant pursuant to New York General Business

Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.

JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4.      This Court has venue pursuant to 28 U.S.C. § 1391(b) in that a substantial portion of the events or omissions giving rise to this action occurred in this District.

PARTIES

5.      Plaintiff is a natural person who resides in this District.

6.      Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as she is a natural person who is alleged by defendant to owe a financial obligation.

7.      The financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff was originally incurred, if at all, for personal, family or household purposes for a student loan.

8.      Plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9.      Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

10.     The principal purpose of defendant's business is the collection of defaulted consumer debts.

11.     Defendant uses the mails in its business the principal purpose of which is the collection of defaulted consumer debts.

12.     Defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13.     Upon information and belief, defendant is a foreign business corporation incorporated in the State of Washington.

FACTUAL ALLEGATIONS

14.     Plaintiff re-alleges paragraphs 1 to 13 as if fully re-stated herein.

15.     Defendant sent to plaintiff a collection letter dated July 29, 2017.

16.     In the letter defendant stated that it was attempting to collect a debt held by the United States Department of Education.

17.     The debt which defendant sought to collect was a student loan debt held by the U.S. Department of Education.

18.     There is no statute of limitations on student loan debts held by the U.S. Department of Education.

19.     However, defendant stated in its letter, in pertinent part:

"Your creditor or debt collector believes that the legal time limit (statute of limitations) for suing you to collect this debt may have expired. It is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to sue to collect on a debt for which the statute of limitations has expired. However, if the creditor sues you to collect on this debt, you may be able to prevent the creditor from obtaining a judgment against you. To do so, you must tell the court that the statute of limitations has expired.

Even if the statute of limitations has expired, you may choose to make payments on the debt. However, be aware: if you make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable in court may start again."

20.     Upon receipt of defendant's letter and upon reading defendant's statement regarding the statute of limitations, plaintiff believed, erroneously, that she could not be sued for the debt.

21.     Upon receipt of defendant's letter and upon reading defendant's statement regarding the statute of limitations, plaintiff believed, erroneously, that she would be able to get any lawsuit against her to collect the debt dismissed on the ground of the statute of limitations.

AS AND FOR A FIRST CAUSE OF ACTION

<u>False, deceptive and misleading statement that statute of limitations had expired</u>

15 U.S.C. §§ 1692e and 1692e(2)(A)

22.     Plaintiff re-alleges paragraphs 1 to 21 as if fully re-stated herein.

23.     By the letter dated July 29, 2017, defendant sought to collect from plaintiff a student loan debt held by the U.S. Department of Education.

24.     There is no statute of limitations on student loan debts held by the U.S. Department of Education.

25.     Defendant stated in its letter that the statute of limitations had expired.

26.     Said statement was false because there is no statute of limitations on plaintiff's debt.

27.     Said statement was deceptive and misleading because it would cause plaintiff and the least sophisticated consumer to believe, erroneously, that they could not be sued for the debt.

28.     A reasonable reading of defendant's letter by plaintiff and the least sophisticated consumer would lead them to believe that the statute of limitations had expired.

29.     Such a reading would be false because there is no statute of limitations on the debt and they could still be sued therefor.

30.     Such a reading was deceptive and misleading because it would cause plaintiff and the least sophisticated consumer to believe, erroneously, that they could not be sued for the debt.

31.     Plaintiff and the least sophisticated consumer would be less likely to pay a debt for which they are told they cannot be sued.

32.     Defendant's statement would influence plaintiff and the least sophisticated consumer as to whether to pay the debt and as to the priority to give to the payment of the debt.

33.     Defendant misrepresented the legal status of the debt by leading plaintiff and the least sophisticated consumer to believe that the statute of limitations on the debt had expired, when in fact there was no statute of limitations at all.

34.     Defendant's misrepresentation that the statute of limitations on the debt had expired is therefore a false, deceptive and misleading representation used by defendant in its attempt to collect the debt in violation of the FDCPA, 15 U.S.C. § 1692e.

35.     Defendant's misrepresentation that the statute of limitations on the debt had expired is also a false representation of the legal status of the debt, in violation of the FDCPA, 15 U.S.C. § 1692e(2)(A).

AS AND FOR A SECOND CAUSE OF ACTION

NYGBL § 349

36.     Plaintiff re-alleges paragraphs 1 to 35 as if fully re-stated herein.

37.     Defendant owed a duty to plaintiff to effect its collection of plaintiff's alleged debt with reasonable care.

38.     Defendant breached its duty to collect plaintiff's debt with reasonable care.

39.     Defendant stated in its letter dated July 29, 2017, in pertinent part:

"Your creditor or debt collector believes that the legal time limit (statute of limitations) for suing you to collect this debt may have expired. It is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to sue to collect on a debt for which the statute of limitations has expired. However, if the creditor sues you to collect on this debt, you may be able to prevent the creditor from obtaining a judgment against you. To do so, you must tell the court that the statute of limitations has expired.

Even if the statute of limitations has expired, you may choose to make payments on the debt. However, be aware: if you make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable in court may start again."

40.     In the exercise of reasonable care defendant ought to have ensured that for any debt for which there was no statute of limitations it did not include the above-quoted statement in its collection letters.

41.     The fact that defendant included the above-quoted statement in its collection letter to plaintiff for a debt for which there was no statute of limitations indicates a failure on the part of defendant to comply with or to perform its duty to effect collection of the debt with reasonable care.

42.     On information and belief, defendant obtains tens, if not hundreds, of federal student loans of New York residents each month, for the purpose of collection.

43.     Defendant's act of falsely stating that the statute of limitations on plaintiff's debt had expired is a deceptive act and practice.

44.     Defendant's act of giving the false impression that the statute of limitations on the debt had expired is a deceptive act and practice.

45.     Said deceptive act and practice was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in the State of New York and constitutes a violation of NYGBL § 349.

46.     Defendant's deceptive act and practice was consumer-oriented, in that defendant's act of sending a collection letter to plaintiff which included the false representation that the statute of limitations had expired was not an act limited to plaintiff's account, but extended to the federal student loan debts of other consumers which defendant obtained for collection.

47.     Defendant maintained no procedure to ensure that it did not include in its collection letters the above-quoted statement for debts for which that statement was false.

48.     Defendant's said conduct of falsely stating that the statute of limitations on a debt had expired has a broad impact on consumers at large whose federal student loans debts were obtained by defendant for collection.

49.     Defendant's said false statement was deceptive in a material way in that incorrectly informing a consumer that she cannot be sued for a debt would give the consumer a false sense of security and would make the consumer prioritize the payment of the debt differently or even be less likely to pay it.

50.     Defendant's said false statement was deceptive in a material way in that incorrectly informing plaintiff that she could not be sued for the debt gave her a false sense of security and made her prioritize the payment of the debt differently or even be less likely to pay it.

51.     Plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

52.     Upon receipt of defendant's letter plaintiff believed, erroneously, that she could not be sued for the debt.

53.      Upon receipt of defendant's letter plaintiff believed, erroneously, that she would be able to get any lawsuit against her for the debt dismissed on the ground of the statute of limitations.

54.     Defendant violated NYGBL § 349(a) by its false and deceptive statement to plaintiff that the statute of limitations for the debt had expired, and is liable to plaintiff under NYGBL § 349(h).

CLASS ALLEGATIONS

55.   Plaintiff re-alleges paragraphs 1 to 54 as if fully re-stated herein.

56.   This action is brought on behalf of plaintiff and the members of a class. The class consists of all natural persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letter dated July 29, 2017; (b) the collection letter was sent to a consumer seeking payment of a student loan debt held by the U.S. Department of Education; (c) the collection letter was not returned by the postal service as undeliverable; and (d) the collection letter states, in sum or substance:

> "Your creditor or debt collector believes that the legal time limit (statute of limitations) for suing you to collect this debt may have expired. It is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to sue to collect on a debt for which the statute of limitations has expired. However, if the creditor sues you to collect on this debt, you may be able to prevent the creditor from obtaining a judgment against you. To do so, you must tell the court that the statute of limitations has expired.
>
> Even if the statute of limitations has expired, you may choose to make payments on the debt. However, be aware: if you make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable in court may start again."

57.   The class does not include defendant or persons who are officers, directors, or employees of defendant.

58.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A)    Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B)    There are questions of law and fact common to the class, and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA including but not limited to §§ 1692e and 1692e(2)(A) by inserting the statement regarding the statute of limitations in its collection letters for student loan debts held by the U.S. Department of Education.

(C)    The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D)    The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E)    Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

59.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

60.    If the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

61.    Communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

62.    As a result of the above violations, defendant is liable to plaintiff and the members of the class for damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a)   certifying a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b)   awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(c)   awarding maximum individual statutory damages pursuant to 15 U.S.C. § 1692k;

(d)   awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial.

(e)   awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(f)   enjoining defendant from committing further deceptive and misleading acts and practices against plaintiff, pursuant to NYGBL § 349;

(g)   awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(h)   in the alternative to (g), awarding statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(i)   awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(j)   for such other and further relief as may be just and proper.

- 13 -

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
       July 27, 2017.


                                    /s/ Novlette R. Kidd
                                    NOVLETTE R. KIDD, ESQ. (NK 9339)
                                    FAGENSON & PUGLISI, PLLC
                                    Attorneys for Plaintiff
                                    450 Seventh Avenue, Suite 704
                                    New York, New York 10123
                                    Telephone: (212) 268-2128
                                    Nkidd@fagensonpuglisi.com