UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESSENCE SMITH, on behalf of herself individually and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>NATIONAL CREDIT SERVICES, INC.,<br><br>Defendant. | Docket No: 17-cv-04448-WFK-JO<br><br><br>**ANSWER TO CLASS ACTION COMPLAINT** |

Defendant National Credit Services, Inc., by and through its undersigned counsel, hereby states as an Answer and Affirmative Defenses to the Class Action Complaint of Essence Smith (the "Complaint") as follows:

## INTRODUCTION

1. Defendant admits only that Plaintiff brings forth this action for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). Defendant denies any remaining allegations set forth in Paragraph 1 of the Complaint, and further denies any violation of the FDCPA.

2. Defendant admits only that Plaintiff brings forth this action for alleged violations of the New York General Business Law ("NY GBL"). Defendant denies any remaining allegations set forth in Paragraph 2 of the Complaint, and further denies any violation of the NY GBL.

## JURISDICTION AND VENUE

3. Defendant admits the truth of the allegations set forth in Paragraph 3 of the Complaint.

4. Defendant admits the truth of the allegations set forth in Paragraph 4 of the Complaint.

## PARTIES

1

5. Defendant lacks knowledge or information sufficient to form a belief as to the Plaintiff's residence, and therefore denies same.

6. Defendant lacks knowledge or information sufficient to form a belief as to whether the debt in question was incurred for personal, family or household purposes, and therefore denies that Plaintiff is a consumer pursuant to the FDCPA.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 and therefore denies same.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 and therefore denies same.

9. Defendant admits the allegations set forth in Paragraph 9 of the Complaint.

10. Defendant admits that its principal business purpose is the collection of debts, some of which are defaulted consumer debts, and denies the remaining allegations set forth in Paragraph 10 of the Complaint.

11. Defendant admits that its principal business purpose is the collection of debts, some of which are defaulted consumer debts, and that it uses the mail in its business, and denies the remaining allegations set forth in Paragraph 11 of the Complaint.

12. Defendant admits that it regularly collects and attempts to collect debts, some of which are defaulted consumer debts, and denies the remaining allegations set forth in Paragraph 12 of the Complaint.

13. Defendant admits the allegations set forth in Paragraph 13 of the Complaint.

**FACTUAL ALLEGATIONS**

14. Defendant repeats, restates, and realleges its responses to the preceding Paragraphs as if set forth fully herein.

15. Defendant admits the truth of the allegations set forth in Paragraph 15 of the Complaint.

16. Defendant states that the letter, dated July 29, 2017, speaks for itself and therefore no response to this Paragraph is required. To the extent that this Paragraph implies or alleges any violations of the FDCPA or NY GBL, they are denied.

17. Defendant admits the truth of the allegations set forth in Paragraph 17 of the Complaint.

18. This paragraph calls for a pure legal conclusion, contains no allegations set forth directed at Defendant, and is otherwise improper under Rule 8, requiring no response from Defendant. To the extent that this Paragraph implies or alleges any violation of the FDCPA or NY GBL, they are denied.

19. Defendant states that the letter, dated July 29, 2017, speaks for itself and therefore no response to this Paragraph is required. To the extent that this Paragraph implies or alleges any violations of the FDCPA or NY GBL, they are denied.

20. Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

## **FIRST CAUSE OF ACTION**

22. Defendant repeats, restates, and realleges its responses to the preceding Paragraphs as if set forth fully herein.

23. Defendant admits the truth of the allegations set forth in Paragraph 23 of the Complaint.

24. This paragraph calls for a pure legal conclusion, contains no allegations set forth directed at Defendant, and is otherwise improper under Rule 8, requiring no response from Defendant. To the extent that this Paragraph implies or alleges any violation of the FDCPA or NY GBL, they are denied.

25. Defendant denies the truth of the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant denies the truth of the allegations set forth in Paragraph 26 of the Complaint.

27. Defendant denies the truth of the allegations set forth in Paragraph 27 of the Complaint.

28. Defendant denies the truth of the allegations set forth in Paragraph 28 of the Complaint.

29. Defendant denies the truth of the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant denies the truth of the allegations set forth in Paragraph 30 of the Complaint.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint, but denies the allegations to the extent that they imply that the letter at issue stated that the debtor could not be sued on the debt at issue.

32. Defendant denies the truth of the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant denies the truth of the allegations set forth in Paragraph 33 of the Complaint.

34. Defendant denies the truth of the allegations set forth in Paragraph 34 of the Complaint.

35. Defendant denies the truth of the allegations set forth in Paragraph 35 of the Complaint.

## **SECOND CAUSE OF ACTION**

36. Defendant repeats, restates, and realleges its responses to the preceding Paragraphs as if set forth fully herein.

37. Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39. Defendant states that the letter, dated July 29, 2017, speaks for itself and therefore no response to this Paragraph is required, except that Defendant admits that the quoted language appears in the letter. To the extent that this Paragraph implies or alleges any violations of the FDCPA or NY GBL, they are denied.

40. Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

41. Defendant denies the truth of the allegations set forth in Paragraph 41.

42. Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

43. Defendant denies the allegations set forth in Paragraph 43 of the Complaint.

44. Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

46. Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

47. Defendant denies the allegations set forth in Paragraph 47 of the Complaint.

48. Defendant denies the allegations set forth in Paragraph 48 of the Complaint.

49. Defendant denies the allegations set forth in Paragraph 49 of the Complaint.

50. Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 and therefore denies same.

52. Defendant denies the allegations set forth in Paragraph 52 of the Complaint.

53. Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

54. Defendant denies the allegations set forth in Paragraph 54 of the Complaint.

## CLASS ALLEGATIONS SET FORTH

55. Defendant repeats, restates, and realleges its responses to the preceding Paragraphs as if set forth fully herein.

56. Defendant admits that Plaintiff purports to bring this action on behalf of a class, but denies liability under the FDPCA and NY GBL, denies that class certification is appropriate as defined in this Paragraph, and denies that Plaintiff is an acceptable class representative.

57. Defendant admits that Plaintiff excludes persons from the proposed class as defined in Paragraph 57, but denies that class certification is appropriate.

5

58. Defendant denies the allegations set forth in Paragraph 58 and each and every subpart thereof.

59. Defendant denies the allegations set forth in Paragraph 59 of the Complaint.

60. Defendant admits that Plaintiff purports to bring this action on behalf of a class, but denies liability under the FDPCA and NY GBL, denies that class certification is appropriate as defined in this Paragraph, and denies that Plaintiff is an acceptable class representative.

61. This paragraph calls for a pure legal conclusion, contains no allegations set forth directed at Defendant, and is otherwise improper under Rule 8, requiring no response from Defendant. To the extent that this Paragraph implies or alleges any violation of the FDCPA or NY GBL, they are denied.

62. Defendant denies the allegations set forth in Paragraph 62 and denies that Plaintiff or the proposed class are entitled to any of the relief sought in the Prayer for Relief following Paragraph 62.

## AFFIRMATIVE DEFENSES

Defendant, National Credit Services, Inc., by and through their undersigned attorneys, hereby states as follows for its Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

At all relevant times as alleged in Plaintiff's Complaint, Defendant acted in good faith and with due care and diligence, and acted with no malice or intent to injure, deceive, misrepresent to, or defraud, or harass Plaintiff or any member of the putative class.

## THIRD AFFIRMATIVE DEFENSE

Defendant is not liable to Plaintiff or any putative class member because any alleged violation, if true, was either unintentional or the result of a bona fide error, despite Defendant's maintenance of procedures reasonably adapted to avoid any such violations or errors. See 15 U.S.C. § 1692k.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, are attributable, in whole or in part, to the acts or conduct of another party or third party, including any contributory negligence on behalf of the Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

Defendant denies that a class action resolution of this action is appropriate, as, amongst other reasons, individual issues predominate any alleged claims and class action resolution is not superior to the other forms of redress available, as the putative class can obtain more favorable and expeditious redress upon their claims, if any, individually.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant expressly reserves the right to amend, add, or delete their affirmative defenses as discovery and investigation continues and circumstances dictate.

WHEREFORE, Defendant, National Credit Services, Inc., respectfully requests that this Court enter judgment against the Plaintiff and in favor of the Defendant, including all costs of this suit.

Dated:  August 31, 2017

                                    THE SALVO LAW FIRM, P.C.

                                    By:   /s/ Cindy D. Salvo_____
                                          CINDY D. SALVO

185 Fairfield Ave, Suite 3C/3D
West Caldwell, New Jersey 07006
(973) 226-2220
(973) 900-8800 (fax)
*csalvo@salvolawfirm.com*

Attorneys for Defendant,
National Credit Services, Inc.